# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL CARROLL, | § | |
| | § | |
| Appellant, | § | |
| v. | § | Civil Action No. **3:12-CV-804-L** |
| | § | |
| ANJUM FAROOQI, | § | |
| | § | |
| Appellee. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Appellee Anjum A. Farooqi's Motion to Dismiss for Failure to Comply with Federal Rule of Bankruptcy Procedure 8006, filed March 22, 2012; and Appellant's Objection to Motion to Dismiss and Brief in Support, filed March 28, 2012. After carefully reviewing the motion, response, the record on appeal, and applicable law, the court **denies** Appellee's Motion to Dismiss for Failure to Comply with Federal Rule of Bankruptcy Procedure 8006.

**I.    Background**

This case arises out of the unsuccessful sale of a Salad Bowl Franchise by Michael David Carroll ("Carroll" or "Appellant") to Anjum A. Farooqi ("Farooqi" or "Appellee"). At the relevant times, Carroll was chairman, chief executive officer, president and chief financial officer of the Salad Bowl Franchise Corporation and an owner and officer of its parent company, The Salad Bowl, Inc. In or about August 2009, Farooqi began negotiations with Carroll about the possibility of either obtaining a Salad Bowl Franchise to open a new store or purchasing a currently operating Salad Bowl store. As part of the negotiations, Farooqi was asked to sign a 30-day option to purchase agreement with The Salad Bowl, Inc. and pay $25,000, which would represent the franchise fee and would ultimately be applied towards the $150,000 purchase price. During the 30-day window,

**Memorandum Opinion and Order - Page 1**

Farooqi was to obtain financing for the purchase of The Salad Bowl franchise. Ultimately, Farooqi was unable to obtain financing, and negotiations between the two fell through. Farooqi demanded a refund of the $25,000 franchise fee.

After almost a year of asking Carroll for a refunding without receiving one, Farooqi filed a lawsuit in state court against Carroll. Once Carroll filed for protection under Chapter 13 of the Bankruptcy Code, Farooqi filed the adversary proceeding in the bankruptcy court below. Farooqi did not file a formal proof of claim in Appellant's bankruptcy case; however, he filed an adversary proceeding against Appellant seeking monetary damages against Carroll for fraudulent inducement, fraud, and violations of the Texas Deceptive Trade Practices Act ("DTPA") from the bankruptcy estate. Farooqi's case was tried before the bankruptcy court, and the court found in his favor. Specifically, the court found that Farooqi had proved his claims against Carroll for fraudulent inducement and violation of the DTPA and awarded him actual and exemplary damages in the amount of $88,500. Further, the court held that Farooqi's claim against Carroll was non-dischargeable under section 523(a)(2)(A) of the Bankruptcy Code. Judgment was entered on January 3, 2012. Carroll timely appealed on January 17, 2012.

## II.     Appellee's Motion to Dismiss

After filing a notice of appeal, Carroll submitted his Designation of the Record on Appeal on January 27, 2012, which was later amended on January 31, 2012. On February 13, 2012, Appellant was notified that his Designations were deficient and he had seven days to correct the deficiencies before the appeal would be transferred to the district court. On March 16, the clerk transmitted the record on appeal to this court; however, the clerk identified several deficiencies in the record, on the part of both Appellant and Appellee. On March 22, 2012, Appellee moved to

dismiss the case for failure to comply with Federal Rule of Bankruptcy Procedure 8006 in that Appellant had failed to file with the clerk and serve on Appellee a statement of issues to be presented. On the same day, Appellant filed a Statement of Issues on Appeal, and, shortly thereafter, an objection to Appellee's motion to dismiss.

### A. Contentions of Parties

Farooqi contends that Carroll's failure to file a statement of issues within 14 days after filing his notice of appeal and failure to cure his deficiency in his designation of record warrants dismissal of Carroll's appeal pursuant to Bankruptcy Rule 8001(a). Appellee Anjum A. Farooqi's Mot. to Dismiss for Failure to Comply with Fed. R. Bankr. P. 8006 and Brief in Support Thereof 3, 6. According to Farooqi, Carroll's failure to comply with Bankruptcy Rule 8006 has prejudiced him because: (1) the bankruptcy estate is subject to dissipation by expenses incurred each additional day the appeal continues, including attorney's fees; (2) there is an increased the risk that Carroll has moved or will move his assets to avoid judgment creditors;(3) he has outstanding bills he struggles to pay after he was defrauded by Carroll of both his $25,000 and the opportunity to own a Salad bowl franchise; (4) he has payments on a personal loan he took out as a result of Carroll's refusal to return his franchise deposit which is accruing interest daily; (5) he has monthly payments to support his children; and (6) the student attorneys who represented him in the adversary proceeding before the bankruptcy court will soon be graduating. *Id.* at 3-4.

In addition, Farooqi asserts that Carroll's "obstinately dilatory conduct" throughout the adversary proceeding also justifies dismissal of this appeal. *Id.* According to Farooqi, Carroll's failure to comply with Rule 8006 is merely a continuation of the pattern of surprise tactics and delays that he engaged in throughout the trial. He asserts that in the adversary proceeding, Carroll failed

**Memorandum Opinion and Order - Page 3**

to provide initial disclosures, failed to timely designate his witnesses, and filed motions for continuances throughout the adversary proceeding, which Farooqi suggests was done to delay the trial until Farooqi's student attorneys would be unavailable. *Id.* at 6-7. According to Farooqi, Carroll's failure to timely file a statement of issues and to cure his deficiency in his designation of record is only a continuation of this pattern of delay. *Id.* at 6.

Carroll asserts that on March 16, 2012, when the clerk transmitted the record on appeal to the court, the clerk identified several deficiencies in the record, including several on the part of Farooqi. Appellant's Objection to Mot. to Dismiss and Br. in Support ¶ 27. Carroll states his counsel's staff worked with the clerk to diligently and promptly correct any technical deficiencies identified in the record designation. *Id.* ¶ 26. According to Carroll, there was never any indication by the clerk that his statement of issues was missing. *Id.* ¶ 27. Upon reading Farooqi's Motion to Dismiss for Failure to Comply with Federal Rule of Bankruptcy Procedure 8006, Carroll states that he remedied the deficiency by filing his statement of issues the very same day as the filing of the motion. *Id.* ¶¶ 26, 30.

Carroll further contends that Farooqi has suffered no prejudice because there has been no delay in considering this appeal as a result of the late filing of his Statement of Issues. *Id.* at ¶¶ 36, 39. According to Carroll, "[a]ll briefing deadlines are on track and everything is proceeding as it would have been had the Statement of Issues been timely filed." ¶ 43. Furthermore, Carroll argues, no assets of the bankruptcy estate are being used to fund this appeal. ¶ 44. He argues that the attorney's fees he incurs in prosecuting this appeal are a postpetition debt and are not funded by the estate. *Id.* Additionally, Carroll states that he has no need to move his assets because the automatic stay imposed pursuant to 11 U.S.C. § 362 protects his assets from Farooqi during the entire pendency

of the Chapter 13 case. *Id.* at ¶ 50. Moreover, the fact some of the law school students assisting Faroqi are graduating and will be replaced by other student assistants does not prejudice Farooqi, Carroll argues. *Id.* at ¶ 63. He further disputes any claims by Farooqi of obstinately dilatory conduct on his part that would justify dismissal of this appeal. *Id.* at ¶ 65. Any delays at trial, he argues, were due to the fact that he proceeded pro se for a number of months and only retained counsel after pre-trial proceedings and discovery began. *Id.* at ¶ 3. Carroll contends that counsel only had just over a month to get up to speed on the case, and needed to request a continuance in order to effectively represent him against Farooqi's claims. *Id.* at ¶ 76. A second continuance was necessary, he asserts, to have his motion for summary judgment heard by the bankruptcy court before trial. *Id.* at ¶ 77.

### B. Relevant Legal Standards

#### 1. Record Designation and Statement of Issues

Federal Rule of Bankruptcy Procedure 8006 requires within 14 days after filing the notice of appeal, entry of an order granting leave to appeal, or entry of an order disposing of the last timely motion outstanding of a type specified in Rule 8002(b), whichever is later, for the appellant to file with the clerk and serve on the appellee, a designation of the items to be included in the record on appeal and a statement of issues to be presented. Fed. R. Bankr. P. 8006. "[T]he purpose of the record designation requirement is to provide the reviewing court with an adequate basis for evaluating the appellant's claims on appeal." *In re CPDC INC.*, 221 F.3d 693, 698 (5th Cir. 2000) (citation omitted). Appellant carries the burden of creating an adequate record, and he may not urge an issue on appeal if he has failed to provide the appellate court with the requisite record excerpts. *Id.* (citations omitted). "Likewise, the purpose of the statement of issues is principally to identify

the portions of the testimony below that should be included in the record on appeal." *Id.* (citations and internal quotation marks omitted).

### 2. Dismissing a Bankruptcy Appeal Under Rule 8001(a)

Federal Rule of Bankruptcy Procedure 8001(a) states that "[a]n appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate which may include dismissal of the appeal." Fed. R. Bankr. P. 8001(a). "As the language of the rule makes clear, only the failure to file a notice of appeal, which deprives the reviewing court of jurisdiction, mandates dismissal." *In re CPDC*, 221 F.3d at 698. As for breaches of other procedural rules, the district court must exercise discretion and consider what sanctions are appropriate. *Id.* at 699. Dismissal is a harsh and drastic sanction that is not appropriate in all cases, especially when the basis of a dismissal is due to an attorney's error. *Id.* Dismissal is not justified in the absence of evidence of prejudice or obstinately dilatory conduct and when the purpose of Rule 8006 has been satisfied. *Id.* at 701.

### C. Analysis

Farooqi contends that dismissal of this appeal is justified because there has been seven weeks of delay caused by the failure of Carroll to timely file his Statement of Issues and cure any deficiencies in the record. In response, Carroll asserts that Farooqi has not suffered any prejudice by his late-filing of the issues and that there is no evidence of obstinate dilatory conduct that justifies dismissal of this appeal. The court agrees.

The Fifth Circuit addressed the same issue in *In re CPDC., Inc*. 221 F.3d at 696. There, the appellees filed a motion to dismiss a bankruptcy appeal on the basis that the appellants failed to file

a statement of the issues on appeal. *Id.* The appellants filed their statement of the issues a week later, accompanied by a motion for leave of court to file it. *Id.* The district court dismissed the appeal on the basis that appellants failed to timely file their statement of the issues on appeal. *Id.* The district court also cited the appellants' failure to designate certain filings on time. *Id.* at 696-97. The Fifth Circuit reversed the district court, holding that it abused its discretion when it dismissed the appeal. *Id.* at 701. According to the Fifth Circuit's opinion, "a district court should keep in mind that some infractions of the rules of bankruptcy procedure are harmless and do not merit dismissal; that dismissal unfairly punishes clients for the mistakes of their counsel in some cases." *Id.* at 699-700. Finding that district court had an adequate record upon which to decide the merits of the appeal and that there was no evidence that appellees' ability to respond to the appeal had been impaired in any way, the Fifth Circuit held that dismissal was not justified. *Id.* at 701.

Although Farooqi, unlike the appellees in *CPDC*, alleges that he was prejudiced by the delayed filing of the Statement of Issues and the incomplete designation of the record, the court is not convinced that he has suffered an injury that would justify dismissal of this appeal. Contrary to what Farooqi suggests, there has been no prejudicial delay in the prosecution of this appeal caused by the late filing of Carroll's Statement of Issues or late designation of record. This appeal was docketed on March 16, 2012. When this appeal appeared on the court's docket, the clerk identified deficiencies in the record on the part of both the Appellant and Appellee, but did not cite the missing Statement of Issues as a deficiency. Less than a week later, on March 22, 2012, Farooqi moved to dismiss this case. That same day, Carroll filed his missing Statement of Issues. None of the briefing deadlines had been affected by Carroll's late filing of his Statement of Issues. As Carroll notes, his appellate brief was not yet due until April 6, 2012. *See* Loc. Fed. R. Bankr. P. 8009.1 ("The

appellant shall serve and file a brief within 21 days after entry of the appeal on the docket pursuant to Fed. R. Bankr. P. 8007."). No assets of the bankruptcy estate are being used to fund Carroll's appeal. That some of the law school students assisting Farooqi in this appeal have graduated and will be replaced by other students does not prejudice Farroqi. Moreover, there is no evidence that Farooqi's ability to respond to the appeal has been impaired in any way by Carroll's failure to strictly adhere to Rule 8006's technical requirements. As noted above, there were deficiencies in Appellee's own record just a week before he moved to dismiss the appeal.

Furthermore, the court is not convinced that there is evidence of obstinately dilatory conduct on the part of Appellant that would otherwise justify dismissal. The record establishes that Appellant timely filed his notice of appeal and appellate brief, immediately filed his Statement of Issues when he was put on notice of the deficiency, and has made an effort to remedy any deficiencies identified by the clerk in the record. As for the adversary proceeding, the court is also unconvinced that there was obstinately dilatory behavior on the part of Appellant. As the Appellant notes, he was pro se in the beginning of the case and was unaware that he had to make Rule 26(f) disclosures; once he hired counsel, counsel requested a continuance to get up to speed on the case and another to file and argue a motion for summary judgment before trial; and despite Carroll's failure to list two witnesses in the Rule 26 disclosures, the two witnesses were nonetheless timely designated in Carroll's witness and exhibit list.

The court is satisfied that the purpose of Rule 8006 has been fulfilled despite what appear to be mistakes on the part of Carroll's counsel. To dismiss an appeal because of an attorney's error is to unduly punish the client for his attorney's mistakes. *See In re CDPC*, 221 F.3d at 699.

Accordingly, the court will deny Appellee's Motion to Dismiss for Failure to Comply with Federal Rule of Bankruptcy Procedure 8006.

**III.    Conclusion**

For the reasons herein stated, the court **denies** Appellee's Motion to Dismiss for Failure to Comply with Federal Rule of Bankruptcy Procedure 8006.

**It is so ordered** this 22nd day of January, 2013.

                                              Sam A. Lindsay
                                              United States District Judge