

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL CARROLL, | § | |
| | § | |
| Appellant, | § | |
| v. | § | Civil Action No. **3:12-CV-804-L** |
| | § | |
| ANJUM FAROOQI, | § | |
| | § | |
| Appellee. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is the appeal of Michael D. Carroll, filed March 16, 2012. After consideration of the briefs, reply, record on appeal, and the applicable law, the court **affirms** the judgment of the bankruptcy court entered on January 3, 2012.

### I.   Background

This case arises out of the unsuccessful sale of a Salad Bowl Franchise by Michael David Carroll ("Carroll" or "Appellant") to Anjum A. Farooqi ("Farooqi" or "Appellee"). At the relevant times, Carroll was chairman, chief executive officer, president and chief financial officer of the Salad Bowl Franchise Corporation and an owner and officer of its parent company, The Salad Bowl, Inc. Bankr. Mem. Op. 2. In late summer 2009, Farooqi began negotiations with Carroll regarding the possibility of either obtaining a Salad Bowl Franchise to open a new store or purchasing a currently operating Salad Bowl store. *Id.* at 3. As part of the negotiations, Farooqi was asked to sign a 30-day option-to-purchase agreement with The Salad Bowl, Inc. and pay $25,000, which would represent the franchise fee and ultimately be applied towards the $150,000 purchase price. *Id.* at 3-4. During the 30-day window, Farooqi was to obtain financing for the purchase of The Salad Bowl franchise.

Memorandum Opinion and Order - Page 1

*See id.* at 4. Ultimately, Farooqi was unable to obtain financing, and negotiations between the two fell through. *Id.* at 10. Farooqi demanded a refund of the $25,000 franchise fee. *Id.*

After almost a year of asking Carroll for a refund without receiving it, Farooqi filed a lawsuit in state court against Carroll. *Id.* at 12. Once Carroll filed for protection under Chapter 13 of the Bankruptcy Code, Farooqi filed the adversary proceeding in the bankruptcy court below. *Id.* Farooqi did not file a formal proof of claim in Appellant's bankruptcy case; however, he filed an adversary proceeding against Appellant seeking monetary damages against Carroll for fraudulent inducement, fraud, and violations of the Texas Deceptive Trade Practices Act ("DTPA") from the bankruptcy estate. *Id.* at 18-19. Farooqi's case was tried before the bankruptcy court, and the court found in his favor. *Id.* at 55. Specifically, the court found that Farooqi had proved his claims against The Salad Bowl, Inc. for fraudulent inducement and violations of the DTPA, that Carroll was personally liable for his damages, and awarded him actual and exemplary damages in the amount of $88,500. *Id.* at 55. Further, the court held that Farooqi's claims against Carroll for fraudulent inducement and Carroll's violation of section 17.56(b)(12) of the DTPA were nondischargeable under section 523(a)(2)(A) of the Bankruptcy Code. *Id.* Judgment was entered on January 3, 2012. Carroll timely filed his notice of appeal on January 17, 2012.

On March 22, 2012, Appellee filed a motion to dismiss this appeal for failure to comply with Federal Rule of Bankruptcy Procedure 8006. The court denied the motion to dismiss on January 22, 2013.

## II. Relevant Legal Standard

In a bankruptcy appeal, district courts review bankruptcy court rulings and decisions under the same standards employed by federal courts of appeal: a bankruptcy court's findings of fact are

reviewed for clear error, and its conclusions of law *de novo*. *Robertson v. Dennis (In re Dennis)*, 330 F.3d 696, 701 (5th Cir. 2003); *Century Indem. Co. v. Nat'l Gypsum Co. Settlement Trust (In re National Gypsum Co.)*, 208 F.3d 498, 504 (5th Cir.), *cert. denied*, 531 U.S. 871 (2000).

A bankruptcy court's "findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous." Fed. R. Bankr. P. 8013. A finding is clearly erroneous and reversible only if, based on the entire evidence, the reviewing court is left "with the definite and firm conviction that a mistake has been made." *In re Dennis*, 330 F.3d at 701 (citation omitted). In conducting this review, the court must give due regard to the opportunity of the bankruptcy judge to determine the credibility of the witnesses. *Id.*; *see also Young v. Nat'l Union Fire Ins. Co. (In re Young)*, 995 F.2d 547, 548 (5th Cir. 1993) (quoting Fed. R. Bankr. P. 8013).

## III. Discussion

Carroll asserts five issues on appeal. First, he argues that the bankruptcy court unconstitutionally exercised the judicial power of the United States by purporting to adjudicate and try to a final judgment state law causes of actions between two private parties that had no relationship to the bankruptcy estate whatsoever. Second, Carroll contends that the bankruptcy court erroneously allowed trial to proceed when Farooqi's Second Amended Complaint ("Complaint") did not meet the basic pleading standards of Federal Rule of Civil Procedure 9 with respect to allegations of fraud. Third, Carroll asserts that the bankruptcy court *sua sponte* awarded Farooqi relief not requested in the adversary proceeding and committed error by (1) failing to give Carroll proper notice that such claim was on trial, (2) awarding such relief in the wrong forum, and (3) not giving notice to any other creditors or the Chapter 13 trustee, which would be required to award such relief. Fourth, the bankruptcy court, Carroll argues, erroneously concluded that Farooqi had standing to sue

under the DTPA. Finally, Carroll contends that the bankruptcy court committed error by allowing Farooqi to proceed to trial on faulty pleadings and on causes of actions that were pleaded beyond the limitations deadline.

### A. Whether the Bankruptcy Court Unconstitutionally Exercised the Judicial Power of the United States

Carroll argues that, under the United States Supreme Court's recent decision in *Stern v. Marshall*, — U.S. —, 131 S. Ct. 2594 (2011), the bankruptcy court's order liquidating Farooqi's Texas state law claims is void. He argues that a bankruptcy court, being an Article I court, cannot issue a final order or judgment in matters that are within the exclusive authority of Article III courts, unless the claims at issue fall within the "public rights" exception. Here, Carroll contends that the bankruptcy court purported to liquidate and enter final judgment on three claims: (1) Farooqi's state law common law fraudulent inducement claim, (2) a state law DTPA claim based on section 17.46(b)(12) of the Texas Business and Commerce Code, and (3) a state law DTPA claim based on section 17.46(b)(24) of the Texas Business and Commerce Code. None of these claims, Carroll argues, is so intertwined with bankruptcy matters that the filing of the bankruptcy petition transforms the character of the dispute from a typical private rights dispute to a public rights dispute. Accordingly, he contends, the bankruptcy court improperly exercised jurisdiction to hear and enter final judgment on Farooqi's claims.

The Supreme Court in *Stern* held that Article I bankruptcy courts lacked constitutional authority to enter final judgment on a state law counterclaim that is not resolved in the process of ruling on a creditor's proof of claim. 131 S. Ct. at 2620. Carroll contends that Farooqi's claims are not resolvable by ruling on a proof of claim because there is no proof of claim to rule on, as Farooqi never filed a proof of claim. As the bankruptcy court determined, although Farooqi did not file a

Memorandum Opinion and Order - Page 4

formal proof of claim in Carroll's bankruptcy case, his filing of the adversary proceeding constitutes an informal proof of claim. The Fifth Circuit has stated:

> [T]o qualify as an informal proof of claim: (1) the claim must be in writing; (2) the writing must contain a demand by the creditor on the debtor's estate; (3) the writing must evidence an intent to hold the debtor liable for such debt; (4) the writing must be filed with the bankruptcy court; and (5) based upon the facts of the case, allowance of the claim must be equitable under the circumstances.

*Nikoloutsos v. Nikoloutsos*, 199 F.3d 233, 236 (5th Cir. 2000). The court determines that each of the requirements has been met here: Farooqi's adversary complaint is in writing; it contains a demand by Farooqi on Carroll and his estate; it evidences an intent to hold Carroll liable for such debts; the writing was filed with the bankruptcy court; and the equities do not weigh against treating the adversary complaint as an informal proof of claim. Contrary to what Carroll asserts, it is not inequitable to allow the claim under these circumstances. Mere failure to file timely a formal proof of claim is not enough to weigh against treating an adversary complaint as an informal proof of claim. *See Nikoloutsos*, 199 F.3d at 236 ("Fourth, though the district court was right to conclude that Mrs. Nikoloutsos did not follow bankruptcy law's 'complicated procedures,' that is true every time a creditor relies on an informal proof of claim as opposed to a formal one. And that is what the rules of equity require, being flexible with regard to form when justices requires."). Moreover, in the adversary proceeding, Farooqi was, and continues to be, represented by student attorneys under the supervision of an attorney in the Southern Methodist University School of Law Civil Clinic. The court is unwilling to find the failure of the student attorneys or the supervising attorney to follow "bankruptcy law's complicated procedures" and file a formal proof of claim weighs against allowance of Farooqi's claim.

Furthermore, *Stern* is distinguishable from the present case. *Stern*, as the Fifth Circuit has noted, has a "very limited application." *Technical Automation Servs. Corp. v. Liberty Surplus Ins. Corp.*, 673 F.3d 399, 407 (5th Cir. 2012); *see also Stern*, 131 S. Ct. at 2620 ("Article III of the Constitution provides that the judicial power of the United States may be vested only in courts whose judges enjoy the protection set forth in that Article. We conclude today that Congress, *in one isolated respect*, exceeded that limitation in the Bankruptcy Act of 1984.") (emphasis added). Whereas the bankruptcy court in *Stern* attempted to enter judgment on a state law counterclaim asserted by a debtor, the bankruptcy court here made a final determination as to the dischargeability of a creditor's claim against a debtor, which "remain[s] under the bankruptcy judge's core proceedings jurisdiction following *Stern v. Marshall*." *Bushman v. Moore*, No. H-10-3045, 2011 WL 7655696, at *9 (S.D. Tex. Sept. 14, 2011), *aff'd*, 465 F. App'x 391 (5th Cir. 2012). In the process of deciding whether that claim was dischargeable, the bankruptcy court liquidated the state law claim, which the bankruptcy court has the authority to do under existing Fifth Circuit precedent. *See In re Morrison*, 555 F.3d 473, 478 (5th Cir. 2009) (holding that bankruptcy courts, in addition to declaring a debt nondischargeable, has jurisdiction to liquidate the debt and enter a monetary judgment against the debtor). Because the Fifth Circuit has not overruled *Morrison*, and noted *Stern*'s limited application, it remains binding circuit precedent. Therefore, the court determines that the bankruptcy court did not unconstitutionally exercise the judicial power of the United States by finally adjudicating Farooqi's state law claims.

### B. Whether the Bankruptcy Court erred in Finding that Farooqi's Complaint Met the Standards of Federal Rule of Civil Procedure 9

Next, Carooll argues that Farooqi's Complaint failed to meet the heightened pleading requirements required under Federal Rule of Civil Procedure 9(b). According to Carroll, "Farooqi

had so poorly plead [sic] his claims, both in his complaint and in the pretrial order, that it was indecipherable what claims he was actually asserting against Carroll." Br. of the Appellant 33. Additionally, Carroll argues that the bankruptcy court abused its discretion in not ruling on Carroll's motion to dismiss for failure to plead with particularity under Rule 9(b) before trial. In response, Farooqi argues that because Carroll never obtained a ruling on his motion to dismiss for failure to meeting the pleading requirements of Rule 9(b), he has no basis on which to appeal to this court, as only a final judgment, order, or decree of a bankruptcy judge may be appealed. Alternatively, Farooqi contends that his Complaint met the standards of Rule 9(b). The court agrees with Farooqi's alternative argument.

A dismissal for failure to plead fraud with particularity pursuant to Rule 9(b) is treated the same as a Rule 12(b)(6) dismissal for failure to state a claim. *McCall v. Genentech, Inc.*, No. 3:10-CV-1747-B, 2011 U.S. Dist. LEXIS 65912, at *7, 2011 WL 2312280, at *3 (N.D. Tex. June 9, 2011) (citing *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996)). Rule 9(b) contains a heightened pleading standard and requires a plaintiff to plead the circumstances constituting fraud with particularity. *See* Fed. R. Civ. P. 9(b); *City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 153 (5th Cir. 2010). "[A]rticulating the elements of fraud with particularity requires a plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v. WMX Techs.*, 112 F.3d 175, 177 (5th Cir. 1997). "Put simply, Rule 9(b) requires 'the who, what, when, where, and how' to be laid out" with respect to a fraud claim. *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003).

The court determines that Appellee's Complaint adequately pleads his fraudulent inducement claim. The Complaint sets forth the misrepresentations Farooqi alleges were made with sufficient specificity to put Carroll on notice as to what conduct Farooqi was complaining about and what type of relief he was seeking. For instance, the Complaint makes clear that Farooqi was seeking damages from Carroll personally, from the bankruptcy estate, in the first paragraph: "[Farooqi] seeks a judgment under Bankruptcy Code § 523(a)(2), declaring that [Carroll's] obligation to [Farooqi] is not discharged as a result of any discharge [Carroll] may receive in his pending bankruptcy. . . . [Farooqi] seeks a judgment for his damages resulting from [Carroll's] conduct as herein alleged." Second Am. Compl. Objecting to Dischargeability of Specific Debt ¶ 1. Further, the Complaint identifies the type of claim Farooqi was asserting, a fraudulent inducement claim, as it alleges that "[Carroll] is liable to [Farooqi] for fraudulent inducement of the option to purchase contract." *Id.* ¶¶ 20, 21. Moreover, the Complaint describes the representations that Farooqi believed were fraudulent, which were Carroll's omissions of pending lawsuits and previous bankruptcies:

> [Carroll] fraudulently induced [Farooqi] to sign an option agreement for the purchase of a franchise by failing to disclose a pending lawsuit alleging fraud ("the Hinshaw lawsuit"). [Carroll] disclosed that there were no active lawsuits in the first two Franchise Disclosure Documents provided on September 25, 2009, and October 30, 2009, even though [Carroll] knew of the Hinshaw lawsuit. These nondisclosures were material, and [Carroll] knew disclosure would cause [Farooqi] not to sign the Option to Purchase. [Carroll] fraudulently misrepresented his prior bankruptcy filings that contributed to the rejection of [Farooqi's] pre-approved loan application. Defendant failed to disclose a prior bankruptcy and inaccurately disclosed a 2006 bankruptcy.

*Id.* ¶¶ 21-23. Thus, it can hardly be said that it is "impossible" for Carroll "to tell what exactly is being plead [sic] and what causes of action are actually contained within" Farooqi's Complaint. Br. of Appellant 34. Accordingly, the court determines that the bankruptcy court did not err in finding

**Memorandum Opinion and Order - Page 8**

that Farooqi's Complaint met the heightened pleading requirements of Federal Rule of Civil Procedure 9(b).

### C. Whether the Bankruptcy Court Erred in Awarding Farooqi a Claim When None Was Requested

Next, as his third issue on appeal, Carroll contends that the bankruptcy court erred in awarding Farooqi an informal proof of claim in Carroll's bankruptcy. This, he asserts, was error because "[n]owhere in Farooqi's Second Amended Complaint (or any of his previous complaints for that matter) did Farooqi ever request a proof of claim in the underlying Bankruptcy." According to Carroll, a court cannot grant relief not pleaded, and even if Farooqi was seeking a proof of claim, the proper forum for doing so would be in the bankruptcy case via a motion, with negative notice, with time to file objections, and a hearing on the matter. In response, Farooqi argues that Carroll waived this argument on the basis that this portion of Carroll's appellate brief "is completely devoid of citations to the record as well as legal authority." Br. of the Appellee 18. Alternatively, Farooqi argues that the point of an informal proof of claim is to cure procedural defects made by creditors in pursuing claims against a bankruptcy estate. Farooqi contends that although he did not comply with one aspect of bankruptcy law procedure, "that is true every time a creditor relies on an informal proof of claim as opposed to a formal one." *Nikoloutsos*, 199 F.3d at 237. The court agrees.

As the court has already determined that Farooqi's filing of the adversary proceeding constitutes the filing of an informal proof of claim under *Nikoloutsos*, it finds that the bankruptcy court did not err in so holding. The court finds that, under the circumstances, it was not unreasonable for the bankruptcy judge to treat Farooqi's Complaint as an informal proof of claim. *See id.* ("Under these circumstances, the lawyer's choice not to file a formal claim, and to assume that the judge would recognize that the complaint was being used an informal [proof of claim], was

reasonable."). Moreover, although Farooqi did not follow bankruptcy law's "complicated procedures," "the rules of equity require[ ] being flexible with regard to form when justice requires." *Id.* Accordingly, the court holds that the bankruptcy court did not err in holding that Farooqi's filing of the adversary proceeding constitutes the filing of an informal proof of claim in Carroll's bankruptcy.

### D. Whether the Bankruptcy Court Erred in its Application of the DTPA

Carroll further contends that the bankruptcy court erred by determining that Farooqi had standing to bring his claims under the DTPA. Specifically, Carroll argues that Farooqi is not a "consumer" within the meaning of the DTPA because the allegations of the Complaint do not suffice to establish consumer status. According to Carroll, the Complaint shows that "the only alleged purpose of the transaction was the purchase of the Option Contract," and an option contract is neither a "good" nor "service" under the DTPA. Br. of the Appellant 39. Farooqi responds that this court is precluded from reaching different factual conclusions from the bankruptcy court because Carroll failed to designate a trial transcript and failed to argue that the bankruptcy court's findings regarding Farooqi's consumer status under the DTPA were clearly erroneous. Because Carroll failed to present and properly argue the issue in his appellate brief, Farooqi argues, the court should consider those arguments abandoned and the issue waived. Alternatively, Farooqi argues that he is a consumer under the DTPA because he sought to acquire, by purchase or lease, a franchise—not an option contract—which is a "good" or "service" under Texas law. The court agrees.

Only a "consumer" has standing to sue for treble damages and attorney's fees under the DTPA. Tex. Bus. & Com. Code § 17.50(a)(1). To qualify as a "consumer," one must seek or acquire, by purchase or lease, a good or service. *Id.* § 17.45(4). Moreover, "the goods or services
**Memorandum Opinion and Order - Page 10**

purchased or leased must form the basis of the complaint." *Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 539 (Tex. 1981). Texas courts have held that a franchise may be a good or service under the DTPA. *Texas Cookie Co. v. Hendricks & Peralta*, 747 S.W.2d 873, 876-77 (Tex. App.—Corpus Christi 1988, writ denied); *Wheeler v. Box*, 671 S.W.2d 75, 78-79 (Tex. App.—Dallas 1984, writ ref'd n.r.e.). Although the paragraph in the Complaint regarding Farooqi's DTPA claims only identifies intentional misrepresentations and omissions made by Carroll to induce Farooqi to sign the Option Agreement, it is clear that Farooqi's purpose in the entire transaction was to purchase a Salad Bowl franchise, not an Option Agreement. Texas courts "liberally construe the term consumer." *Wheeler*, 671 S.W.2d at 78. Under Texas law, a court must look at the plaintiff's relationship to a transaction and the plaintiff's central objective, from the plaintiff's perspective, in the transaction in determining whether a plaintiff qualifies as a consumer. *See Flenniken v. Longview Bank and Trust Co.*, 661 S.W.2d 705, 707 (Tex. 1983) ("A plaintiff establishes his standing as a consumer in terms of his relationship to a transaction, not by a contractual relationship with the defendant."); *see also id.* at 708 ("[T]he Flennikens did not seek to borrow money; they sought to acquire a house."); *Knight v. International Harvester Credit Corp.*, 627 S.W.2d 382, 389 (Tex. 1982) (holding that a borrower was a consumer because his "objective in the transaction was the purchase of a dump truck"); *Riverside Nat'l Bank v. Lewis*, 603 S.W.2d 169, 175 (Tex. 1980) (holding that borrower was not a consumer because his "one objective" in the refinancing transaction was to acquire the extension of credit, which involves neither a good or service).

The bankruptcy court found that "Farooqi's objective from the outset of his relationship with the Salad Bowl Entities and Carroll was to acquire a Salad Bowl Franchise; specifically the Las

Colinas Bowl." Bankr. Mem. Op. 42. This finding of fact by the bankruptcy court is supported by the Complaint, and as such, the court holds that Farooqi is a "consumer" for purposes of the DTPA. Accordingly, the court holds that the bankruptcy court did not err in its application of the DTPA.

### E. Whether the Bankruptcy Court Erred in Finding and Concluding that Farooqi's Pleadings on File at the Time of Trial Stated a Proper Cause of Action Under 523(a)(2)(A)

Finally, Carroll argues that the bankruptcy court erred in overruling Carroll's objection to Farooqi's Motion for Leave to File Second Amended Complaint. According to Carroll, to the extent that new substantive claims were properly pleaded and brought in the adversary proceeding via the Complaint, such claims were untimely and should have been denied on the basis of limitations, as asserted in his objection to Farooqi's Motion for Leave to File Second Amended Complaint. Farooqi counters that Carroll waived this argument on appeal by failing to designate a sufficient record and failing to preserve this argument. In the alternative, Farooqi argues that no new substantive claims were added in the Complaint, and even if substantive claims were added, they related back to the Original Complaint, which was timely filed. The court agrees with Farooqi that the Complaint added no new substantive claims, and even if it did, any new claims related back to the Original Complaint.

In Carroll's objection to Farooqi's Motion to Amend, he contended that to the extent that Farooqi sought to add new claims under 11 U.S.C. § 532(a), Farooqi was barred from bringing them because "[p]ursuant to Federal Rule of Bankruptcy Procedure 4007(c) all Section 532(a)(2) claims must be brought no later than 60 days after the first date set for the meeting of creditors under 11 U.S.C. § 341." Obj. to Pl.'s Mot. for Leave to File Second Am. Compl. 2. Contrary to what Carroll asserts, the Amended Complaint and the Complaint adds no new claims; both Complaints assert the same causes of action for fraudulent inducement, intentional misrepresentations and omissions in

violation of section 17.46(b)(12) of the DTPA, and fraud. The Complaint merely alleged additional facts in support of these same claims. Thus, Carroll was sufficiently on notice as to the § 523(a) nondischargeability claims being asserted against him by Farooqi. Although the Complaint added a specific request for punitive damages under Texas Civil Practice & Remedies Code section 41.008, Farooqi generally requested punitive damages in the Amended Complaint. *See* Am. Compl. Objecting to Dischargeability of Specific Debt ¶ 30 ("Under and pursuant to Bankruptcy Code Section 523(a)(2) Plaintiff is entitled to a judgment of this Court for his damages, including *punitive damages*, incurred as a result of Defendant's deceptive trade practices and fraud as alleged herein, and to a declaration that those damages are not discharged by any discharge granted to Defendant in his bankruptcy.") (emphasis added). Moreover, the request for punitive damages is based on the same facts and causes of action stated in the Original Complaint. Therefore, even if the request for punitive damages under the Texas Civil Practice & Remedies Code constitutes adding a new substantive claim to the Complaint, such claim relates back to the timely filed Original Complaint. *See Matter of Bercier*, 934 F.2d 689, 693 n.7 (5th Cir. 1991) ("We do not suggest that an amended complaint adding a ground of challenge to the dischargeability of a particular debt would not relate back, for purposes of Bankruptcy Rule 4007(c), to the time of filing of the same creditor's original complaint challenging the dischargeability of the identical debt. Courts have applied Fed. R. Civ. P. 15(c) to amended complaints filed after the Rule 4007(c) sixty-day period for filing complaints had expired.") (citing *In re Fondren*, 119 B.R. 101, 104 (Bankr. S.D. Miss. 1990); *In re Heath*, 114 B.R. 310, 312 (Bankr. N.D. Ga. 1990)). Accordingly, the court holds that Farooqi's Complaint was not untimely filed, and, therefore, the bankruptcy court did not err in overruling Carroll's objection to Farooqi's Motion For Leave to File Second Amended Complaint.

## V. Conclusion

For the reasons herein stated, the court **affirms** the December 13, 2011 Memorandum Opinion and January 3, 2012 judgment of the bankruptcy court. The clerk of court shall prepare, sign, and enter judgment in accordance with this Memorandum Opinion and Order pursuant to Rule 8016(a) of the Federal Rules of Bankruptcy Procedure.

**It is so ordered** this 19th day of February, 2013.

Sam A. Lindsay
United States District Judge